IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BRUCE BERNARD ANDERS | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | NO. 3-07-CV-1142-N |
| | § | NO. 3-07-CV-1157-N |
| VS. | § | NO. 3-07-CV-1158-N |
| | § | NO. 3-07-CV-1159-N |
| NATHANIEL QUARTERMAN, Director | § | NO. 3-07-CV-1160-N |
| Texas Department of Criminal Justice, | § | NO. 3-07-CV-1161-N |
| Correctional Institutions Division | § | NO. 3-07-CV-1162-N |
| | § | NO. 3-07-CV-1163-N |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bruce Bernard Anders, a Texas prisoner, has filed eight applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, two of the writs should be dismissed in part as successive and six of the writs should be dismissed in part on limitations grounds. The claims raised by petitioner in all eight writs challenging the denial of his release to mandatory supervision in January 2007, which are neither successive nor time-barred, should be dismissed without prejudice for failure to exhaust available state remedies.

I.

A Dallas County grand jury charged petitioner in separate indictments with three counts of aggravated sexual assault of a child (Case Nos. F92-41162, F92-41556, F92-41558), one count of indecency with a child (Case No. F92-41555), one count of sexual assault (Case No. F92-41554), one count of attempted aggravated sexual assault of a child (Case No. F92-41557), one count of sexual assault of a child (Case No. F93-00582), and one count of sexual performance by a child (Case No. F93-00676). After a jury convicted petitioner of aggravated sexual assault of a child in

Case No. F92-41162, he pled guilty to the other seven charges. Separate punishments ranging from five years to 38 years confinement were assessed in each case. Petitioner appealed only his conviction for aggravated sexual assault of a child in Case No. F92-41162. That conviction was affirmed on direct appeal. *Anders v. State*, No. 05-93-00346-CR, 1997 WL 72074 (Tex. App.-- Dallas, Feb. 21, 1997, pet. ref'd). Petitioner also challenged each of his eight convictions on state collateral review and two of his convictions on federal habeas review. His state writs were either denied on the merits or dismissed as successive. *Ex parte Anders*, WR-26,749-01 (Tex. Crim. App. Oct. 5, 1994); *Ex parte Anders*, WR-26,749-03 (Tex. Crim. App. Apr. 5, 2000); *Ex parte Anders*, WR-26,749-04 (Tex. Crim. App. Mar. 29, 2006), *Ex parte Anders*, WR-26,749-06, 26,749-07, 26,749-08, 26,749-09, 26,749-10, 26,749-11, 26,749-12 & 26,749-13, 2006 WL 3519117 (Tex. Crim. App. Dec. 6, 2006). One federal writ, challenging petitioner's conviction for aggravated sexual assault of a child in Case No. F92-41162, was dismissed on limitations grounds. *Anders v. Johnson*, No. 3-00-CV-2550-R, 2001 WL 294202 (N.D. Tex. Mar. 26, 2001), *rec. adopted*, 2001 WL 376466 (N.D. Tex. Apr. 11, 2001). A second federal writ, challenging petitioner's conviction for attempted aggravated sexual assault of a child in Case No. F92-41557, was dismissed in part on limitations grounds and denied in part. *Anders v. Quarterman*, No. 3-06-CV-0963-K, 2006 WL 2860551 (N.D. Tex. Oct. 5, 2006), *COA denied*, No. 06-11310 (5th Cir. Aug. 22, 2007).[1] Petitioner now returns to federal court to challenge all eight of his state convictions under 28 U.S.C. § 2254.

---

[1] Petitioner filed two other federal writs, both challenging his conviction for aggravated sexual assault of a child in Case No. F92-41162. One writ was dismissed without prejudice for failure to exhaust state remedies. *Anders v. Johnson*, No. 3-98-CV-1563-G (N.D. Tex. Nov. 16, 1998), *rec. adopted* (N.D. Tex. Dec. 3, 1998). The other writ was dismissed as successive. *Anders v. Cockrell*, No. 3-02-CV-2513-N, 2003 WL 102615 (N.D. Tex. Jan. 8, 2003), *COA denied*, No. 03-10199 (5th Cir. Aug. 20, 2003), *cert. denied*, 124 S.Ct. 1511 (2004).

II.

Although petitioner has filed separate writs for each conviction, his claims are identical. Succinctly stated, petitioner contends that: (1) his underlying convictions were the result of ineffective assistance of counsel; and (2) the trial court failed to consider his writ of mandamus. Petitioner also challenges a January 2007 decision of the Texas parole board to deny him release to mandatory supervision.[2]

A.

As a preliminary matter, the court must determine whether petitioner can seek federal habeas relief with respect to his convictions for aggravated sexual assault of a child in Case No. F92-41162 and attempted aggravated sexual assault of a child in Case No. F92-41557. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. In order to file a successive federal writ, the prisoner must show that the application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

---

[2] In his original pleadings, petitioner also challenged parole decisions in September 2001 and April 2004. When asked to explain why those claims were not barred by the AEDPA statute of limitations, petitioner notified the court that he wanted to "dismiss all claims relating to the denial of parole in September 2001 and April 2004." (*See* Pet. Resp., 8/31/07 at 1). The court therefore considers only those claims relating to the actions of the parole board in January 2007.

Petitioner challenged his convictions for aggravated sexual assault of a child in Case No. F92-41162 and attempted aggravated sexual assault of a child in Case No. F92-41557 in prior federal writs. The writ challenging petitioner's aggravated sexual assault of a child conviction was dismissed on limitations grounds. *Anders*, 2001 WL 376466. The writ challenging petitioner's attempted aggravated sexual assault of a child conviction was dismissed in part on limitations grounds and denied in part. *Anders*, 2006 WL 2860551. Petitioner may not attack these state convictions in a successive federal writ without obtaining prior approval from the court of appeals.

B.

Under the AEDPA, a one-year statute of limitations applies to federal habeas proceedings brought under 28 U.S.C. § 2254. The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert.*

*denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

The statute of limitations started to run on April 24, 1996--the date the AEDPA became effective. Yet petitioner waited more than *10 years* to seek federal habeas relief with respect to his other state convictions. In an attempt to excuse this delay, petitioner argues that "there is no time limit on attacking a judgment as void." (*See* Pet. Mem. Br. at 3). While this may be true for motions brought under Fed. R. Civ. P. 60(b)(4),[3] that rule has no application to federal habeas proceedings challenging a state criminal conviction. Petitioner further argues that the AEDPA statute of limitations should be tolled because he only recently discovered that the attorney who represented him at trial, Lela Denise Washington, is not licensed by the State Bar of Texas. (*See id.* at 2-3). Even if petitioner did not actually learn of Washington's status until April 17, 2006, he fails to explain why he waited more than 13 years after his trial to investigate the matter. *See* 28 U.S.C. § 2244(d)(1)(D) (requiring petitioner to exercise due diligence to discover factual predicate of claims); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."). Petitioner's claims challenging his underlying convictions for aggravated sexual assault of a child in Case Nos. F92-41556 and F92-41558, indecency with a child in Case No. F92-41555, sexual assault in Case No. F92-41554, sexual assault of a child in Case No. F93-00582, and sexual performance by a child in Case No. F93-00676 are barred by limitations.

---

[3] Rule 60(b)(4) authorizes a federal district court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" if the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). By its terms, this rule applies to federal judgments, not state judgments.

C.

In multiple grounds for relief, petitioner argues that the parole board improperly denied him release to mandatory supervision in January 2007. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus to satisfy the exhaustion requirement. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

It is clear from the face of the pleadings that petitioner has never presented his parole claims to the Texas Court of Criminal Appeals in an application for state post-conviction relief. Indeed, the parole board did not make its decision until January 2007-- more than one month after the Texas Court of Criminal Appeals denied petitioner's most recent state writ. Although petitioner believes it would be "futile" to present these claims to the Texas courts because "parole issues are not cognizable on habeas," (*See* Pet. Mem. Br. at 14), such is not the case. *See Davis v. Quarterman*, No. 3-06-CV-1467-N, 2006 WL 3342626 at *1 (N.D. Tex. Nov. 17, 2006), *citing Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (claim challenging denial of parole requires exhaustion of state remedies). Unless and until petitioner presents his claims to the highest available state court for review, he cannot seek relief in federal court.

## RECOMMENDATION

Petitioner's applications for writs of habeas corpus should be dismissed as follows:

1. All claims challenging petitioner's convictions for aggravated sexual assault of a child in Case No. F92-41162 and attempted aggravated sexual assault of a child in Case No. F92-41557

should be dismissed as successive pending review by a three-judge panel of the Fifth Circuit Court of Appeals;

2. All claims challenging petitioner's convictions for aggravated sexual assault of a child in Case Nos. F92-41556 and F92-41558, indecency with a child in Case No. F92-41555, sexual assault in Case No. F92-41554, sexual assault of a child in Case No. F93-00582, and sexual performance by a child in Case No. F93-00676 should be dismissed on limitations grounds; and

3. All claims challenging the January 2007 decision of the parole board denying petitioner release to mandatory supervision should be dismissed without prejudice for failure to exhaust available state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

The clerk is directed to docket this report and recommendation in each of the above-referenced causes.

DATED: September 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE